IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1:CR-98-056**
:
:
:
**v.**     :
:
:
**PAUL N. LITTLES**     :

## **MEMORANDUM AND ORDER**

Before the court is a motion filed by Paul N. Littles pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. Petitioner was sentenced by this court on January 15, 1999. He filed an appeal on January 19, 1999. The decision of this court was affirmed by the court of appeals on April 5, 2000. On September 4, 2001, he filed a motion pursuant to 28 U.S.C. § 2255 which was denied by this court on November 7, 2001. Petitioner's appeal of that decision was denied by the circuit court on June 3, 2002. A petition for a writ of certiorari was denied on October 1, 2003. On January 20, 2006, Petitioner filed the instant petition.

In the present motion, Petitioner alleges violations of his Fifth, Sixth and Fourteenth Amendment rights. He alleges that his claim is filed pursuant to *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005) and *Dodd v. United States*, ___ U.S. ___, 125 S. Ct. 2478 (2005). Defendant also alleges a claim of ineffective assistance of counsel.[1]

---

[1] The petition does not state how Petitioner's trial and appellate counsel were ineffective. The claim is set forth in conclusory terms. In any event, this claim was raised in his first petition filed
(continued...)

Defendant has two problems with the motion: (1) it is a second or successive motion; and (2) the petition is untimely. Title 28 U.S.C. § 2255 provides, in pertinent part:

> A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not sought leave from the court of appeals to file the instant motion.

It appears that Petitioner believes his motion to be valid under subsection 2 quoted above and relies on *Dodd, supra*, to file a petition to preserve his right to raise the *Booker* issue at such time as the Supreme Court makes *Booker* retroactive. Petitioner recognizes that *Booker* has not been made retroactive.

In *Dodd*, the majority of the Court held that the only natural reading of Section 2255 ¶ 6(3) is that one date only is the date from which the one year statute of limitation runs: "The date on which the right asserted was initially recognized by the Supreme Court." *Id.*, ___ U.S. ___, ___ S.Ct. at 2282.

Petitioner's one year limitation period to file a § 2255 motion expired on September 30, 2004. He has also not received permission from the court of appeals to file a second or successive petition.

**IT IS THEREFORE ORDERED THAT**:

---

[1](...continued)
pursuant to 28 U.S.C. § 2255 and was found to be meritless.

      1) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

      2) The court declines to issue a certificate of appealability.

      3) The Clerk of Court shall close the file.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: January 24, 2006.