IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      :      **CRIMINAL NO. 1:CR-98-056**

                                  :

**v.**                            :

                                  :

**PAUL N. LITTLES**               :


# M E M O R A N D U M

Before the court is Defendant Littles' motion pursuant to Federal Rule of Civil Procedure 60(b)(6), received by the Clerk of Court on November 2, 2011.[1] In his motion, he challenges the manner in which this court considered the claims raised in a previous petition filed pursuant to 28 U.S.C. § 2255. He attaches to his motion a memorandum and order by this court dated November 7, 2001 (doc. 99) which denied the § 2255 motion. It appears that the present motion before this court addresses that memorandum and order (doc. 99).

Littles filed an appeal to the November 7, 2001 memorandum and order. The Third Circuit Court of Appeals denied his request for a certificate of appealability on June 3, 2003. On January 20, 2006, Littles filed another petition pursuant to 28 U.S.C. § 2255 (doc. 113). On July 7, 2008, the Third Circuit Court of Appeals denied Littles' request to file a second or successive § 2255 petition (doc. 123). On January 19, 2011, Littles filed a "Motion for Relief from Void Judgment" (doc. 129) which was denied by order dated January 27, 2011 (doc. 130). On August

---

[1]By memorandum and order dated April 5, 2011 (doc. 135), this court directed the Clerk of Court not to file any documents of record with out first sending them to this court for review. In that same order, Littles was advised that any future documents found to be frivolous or amounting to a § 2255 claim would be returned to him without filing.

25, 2011, the Third Circuit Court of Appeals denied Littles' request for a certificate of appealability on the issues raised in that motion (doc. 137).

While Littles claims the instant motion is viable under Federal Rule of Civil Procedure 60(b)(6), it is not.  He is still claiming an issue that must be raised pursuant to 28 U.S.C. § 2255.

As noted in footnote 1, by order dated April 5, 2011, the Clerk of Court was directed not to file any future documents from Littles without first submitting them to the court for review to determine if the documents are frivolous or amount to a §2255 claim.  Littles has constantly filed frivolous motions on the same issues and has done so once more.

The court will direct the filing of Littles motion received on November 2, 2011, with a further warning to Littles that **any** future filings by him on the same issues previously addressed will be deemed to be harassment and abuse of the court.

s/Sylvia H. Rambo
United States District Judge

Dated:  November 10, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  **CRIMINAL NO. 1:CR-98-056**
             :
             :
**v.**            :
             :
**PAUL N. LITTLES**     :

## O R D E R

   In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

   1) The Clerk of Court shall file the document entitled "Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) received November 2, 2011 and said motion is **DENIED**.

   2) The Clerk of Court is relieved from fulfilling any requests by Littles for copies of docket entries or documents without full payment of the costs.

   3) The order of April 5, 2011 is affirmed with regard to future filings. In addition, any future filings filed by Littles concerning issues previously ruled on by the court will be deemed to be harassment and abuse of the court and thus will cause Littles to be subject to appropriate sanctions.

         s/Sylvia H. Rambo
          United States District Judge

Dated:  November 10, 2011.