IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-98-056** |
| | : | |
| v. | : | **FILED** |
| | : | HARRISBURG, PA |
| **PAUL N. LITTLES** | : | AUG 2 9 2012 |
| | : | MARY E. D'ANDREA, CLERK |
| **MEMORANDUM** | | Per_____ Deputy Clerk |

**I.      Background**

This memorandum and order pertains only to the proceedings that led up to the issuance of an order by the Third Circuit Court of Appeals dated July 26, 2012 (doc. 153, docketed Aug. 17, 2012), directing this court to decide the timely filed letter motion for reconsideration (doc. 147).

On September 4, 2001, Littles filed a motion pursuant to 28 U.S.C. § 2255 (doc.90). The motion alleged incompetency of counsel on various issues, including failure of counsel to raise the issue of selective prosecution. By order dated November 7, 2001 (doc. 99), the motion was denied. This court specifically addressed the selective prosecution issue and found that the government was justified in seeking his prosecution and, therefore, held that any deficient performance did not prejudice the defendant.

On January 9, 2002, Littles filed a motion for reconsideration of the November 7, 2001 order (doc.101). By order dated February 7, 2002, this court denied the motion for reconsideration of the November 7, 2001 order (doc. 108). Littles' request for a certificate of appealability was denied by the Third Circuit Court of Appeals on May 29, 2003 (doc. 110). On May 14, 2012, Littles filed a motion pursuant to Federal Rule of Civil Procedure 60(b) (doc. 148). In a previous

order dated April 17, 2012 (doc. 144), Littles was advised that Federal Rule of Civil Procedure 60(b)(6) was not an appropriate vehicle to relitigate claims brought pursuant to 28 U.S.C. § 2255. (*See* Ex. A attached hereto).

By memorandum dated May 15, 2012 (doc. 149), this court addressed the motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6) (doc. 148), again advising Littles that Rule 60(b)(6) cannot be used to raise § 2255 claims. The motion was dismissed. (*See* Ex. B attached hereto.)

On May 14, 2012, Littles filed a letter (doc. 147) in which he requested reconsideration of this court's order dated April 17, 2012 (doc. 144). It is this letter for reconsideration this court has been required to address.

## II.     Discussion

In Little's letter for reconsideration, Littles raises two issues: (1) that the court's order of April 17, 2012 is a "limitations ruling" as explained in *Gonzales v. Crosby*, 545 U.S. 524 (2005) and (2) this court, while addressing the selective prosecution issue, did not relate it to the claim of ineffective assistance of counsel.

In *Gonzalez*, the petitioner filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) from a judgment of a federal court. The Court denied the petitioner relief under his § 2254(b) petition based on the statute of limitations. The issue presented to the court was "whether, in a habeas case, such motions [Rule 60(b)] are subject to the additional restrictions that apply to second or successive habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1997, codified at 28 U.S.C. § 2244(b)." *Id.* at 526. The Court noted that it was addressing "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254." *Id.* at 529 n.3.

The case *sub judice* does not entail a statute of limitation claim. Therefore, the case is not pertinent to Littles' motion. The Court, however, proceeded to decide whether a Rule 60(b) motion filed by a habeas petitioner is a "habeas corpus application" as the statute uses that term. The Court held that a Rule 60(b) motion that contains one or more claims is, in substance, a habeas application. "A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532.

In his Rule 60(b) motion, and letter-motion for reconsideration, Littles raises a "claim" of ineffective assistance of counsel for failure to raise a selective prosecution defense. As noted above, this issue was addressed in his § 2255 motion filed on September 4, 2001 (doc. 90). Littles claims that this court "ruled totally on the selective prosecution issue and did not relate it too [sic] 'the claim of ineffective assistance of counsel' . . ." (Letter-Motion for reconsideration, doc. 90, at pp. 2-3.)

This court addressed the issue of ineffective assistance of counsel for failure to pursue the defense of selective prosecution when ruling on Little's September 4, 2001 motion filed pursuant to 28 U.S.C. § 2255. (*See* Memorandum and Order dated November 7, 2001 (doc. 99).) The court's final conclusion was that "Littles failed to show that counsel's performance was deficient or that any deficient performance prejudiced the defense." (*Id.* at p. 6.) It is clear that the memorandum and order cited above tied the allegation of failure to raise the selective prosecution claim to one of the bases for the claims of ineffective assistance of counsel.

**III.**      **<u>Conclusion</u>**

Little's letter-motion for reconsideration (doc. 147) will be denied. An appropriate order will be issued.

```
                                            /s/ Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge
```

Dated: August  29 , 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-98-056**

v.

**PAUL N. LITTLES**

## ORDER

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the letter-motion for reconsideration (doc. 147) is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: August 29, 2012.