IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:98-cr-056 |
| | : | |
| v. | : | |
| | : | |
| PAUL LITTLES | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant Paul Little's Motion for Compassionate Release and Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). (Docs. 185, 191.) For the reasons outlined below, the motion will be granted.

## I.   BACKGROUND

In March 1998, a grand jury charged Mr. Littles with conspiracy to distribute and possess with intent to distribute in excess of 1 kilogram of heroin (Count 1) and distribution and possession with intent to distribute in excess of 1 kilogram of heroin (Count 2). (Doc. 1; Presentence Investigation Report ("PSR") at ¶ 1.) The Government subsequently filed an information pursuant to Title 21 U.S.C. § 851, which increased the mandatory minimum term of imprisonment from ten years to twenty years. (Doc. 29; PSR at ¶ 2.) Littles was convicted on both counts following a jury trial.[1] (Doc. 35.) At sentencing, the court determined by a preponderance of the evidence that the offenses involved more than 1

---

[1] Because the trial occurred before *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the jury did not make any findings on drug quantity.

1

kilogram of heroin,[2] and it sentenced Littles to 360 months of imprisonment to run consecutively to any revocation sentence imposed in the Dauphin County Court of Common Pleas. (Docs. 57, 162 at 44.) Littles is presently incarcerated at FCI Schuylkill and is projected to be released on November 22, 2023. (Doc. 191, Ex. D at 1.) He will be eligible for home detention on May 22, 2023. (*Id*.) However, Littles is subject to a state parole detainer and, therefore, the Bureau of Prisons ("BOP") has found he is not eligible for placement in a residential reentry center. (Doc. 191, Ex. C at 3.) (Doc. 185-1 at 2; Doc. 191, Ex. D at 3.)

Littles has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) requesting a reduction in sentence to time served based on his medical conditions, the dangers presented by the COVID-19 pandemic, and his efforts at rehabilitation. The government filed a brief in opposition to the motion and Littles filed a reply. (Docs. 195, 196.) The matter is thus ripe for resolution.

---

[2] In the presentence report, the United States Probation Office used investigative reports and an interview with the case agent to determine that the quantity involved in "Mr. Littles' organization" was 1.15 kilograms of heroin. (PSR at ¶¶ 3-14, 21). At sentencing, Mr. Littles contested the drug quantity and presented several witnesses who testified that they did not know the exact amount of heroin involved in their dealings with Mr. Littles. (Doc. 162 at 6-7, 10-11, 14-16).

## II.  STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2. Medical conditions that qualify as "extraordinary and compelling reasons" include:

> (1) suffering from a serious physical or medical condition,
> (2) suffering from a serious functional or cognitive impairment, or
> (3) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant

>to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

The policy statement also provides that extraordinary and compelling circumstances exist where the defendant is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. *Id.,* § 1B1.13, cmt. n.1(B).

In addition, the policy statement contains a catchall provision setting forth that extraordinary and compelling circumstances may exist for a "reason other than, or in combination with" the aforementioned reasons. *Id.*, § 1B1.13, cmt. n.1(D). This catchall provision allows courts to assess whether extraordinary and compelling circumstances exist independent from those enumerated reasons set forth in the policy statement. *See United States v. Rodriguez*, No. 2:03-CR-00271, 451 F.Supp.3d 392, 397 (E.D. Pa. Apr. 1, 2020) (collecting cases); *United States v. Lisi*, 440 F.Supp.3d 246, 249 (S.D.N.Y. Feb. 24, 2020); *United States v. Lavy*, No. 17-20033, 2020 WL 3218110, at *3–4 (D. Kan. June 15, 2020) ("[A] growing consensus of courts across the country have concluded that, after the First Step Act, the Commission's policy statement 'does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A).").

Prior to granting compassionate release, the court must also consider the sentencing factors outlined in 18 U.S.C. § 3553, which include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed…to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed…to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The burden rests with the defendant to show that a reduction in sentence is proper. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III. DISCUSSION

Littles has shown extraordinary and compelling circumstances that justify a reduction in sentence to time served based on a number of factors considered together, including his age, medical conditions, the dangers presented by the COVID-19 pandemic, and his extraordinary rehabilitation efforts during his 24 years of incarceration.[3]

---

[3] As the Government acknowledges in its brief opposing the motion for compassionate release (Doc. 195, p. 2), Littles has properly exhausted his administrative remedies by submitting to the warden at FCI Schuylkill a request for compassionate release due to his medical condtions, which the warden rejected. (Doc. 191, Ex. B.)

Littles is a 67-year-old model inmate who has served more than the 20-year mandatory minimum for a drug offense, and who suffers from many severe health conditions, including type 2 diabetes, chronic kidney disease, HIV, hepatitis C, hypertension, and obesity.[4] (Doc. 191 at pp. 3-5.) He also continues to endure the effects of a previous infection with COVID-19. His medical conditions have continued to worsen with age—a process that likely has been accelerated because of his long imprisonment.[5]

Littles' substantial efforts at rehabilitation further support finding extraordinary and compelling circumstances. He works as a unit orderly where he earns positive monthly evaluations, and he has completed many educational, vocational and wellness courses. (*Id*., Ex. C at 1-3.) It does not appear that Littles has any history of serious disciplinary issues or infractions throughout his decades of incarceration, and while rehabilitation alone does not constitute extraordinary

---

[4] As a result of his age and underlying medical conditions, Littles falls within the CDC's classification as a person at increased risk of severe illness or death from COVID-19. *See* Centers for Disease Control and Prevention, COVID-19, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[5] *See* Natalie Hinton, Comment, *Curing the BOP Plague with Booker: Addressing Inadequate Treatment in the Bureau of Prisons*, 41 J. Marshall L. Rev. 219, 233-34 (2007) ("Imprisonment also accelerates the aging process, and does so at an even higher rate when the inmate is suffering from a chronic illness (e.g., arthritis, hypertension, or diabetes), increasing the physical age of a person by eleven-and-a-half years more than one's actual age.").

and compelling circumstances, Littles' exemplary conduct throughout his extended period of incarceration, considered together with the other factors outlined by the court, support finding extraordinary and compelling circumstances. *See Rodriguez*, 451 F.Supp.3d at 405 (finding extraordinary and compelling circumstances due in part to the defendant's post-offense rehabilitation and noting that "rehabilitation *alone* would not constitute an extraordinary and compelling reason. But the qualifier 'alone' implies that rehabilitation can contribute to extraordinary and compelling reasons. That is how the Commission has understood the statute") (citing U.S.S.G. § 1B1.13 cmt. n.3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, *by itself*, an extraordinary and compelling reason for purposes of this policy statement.") (emphasis in *Rodriguez*); *see United States v. Poole*, No. 2:02-CR-20026, 2020 WL 4192280, at *6 (W.D. Tenn. July 14, 2020) ("Poole's rehabilitation is a consideration. During his time in prison, Poole has had no incident reports and has made strong rehabilitation efforts. This weighs in favor of relief.") (citing *Rodriguez*; *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) ("[A]lthough 'rehabilitation ... is not, by itself, an extraordinary and compelling reason,' the Commission implies that rehabilitation may be considered with other factors.") (quoting U.S.S.G. § 1B1.13 cmt. n.3).

In addition, Littles has demonstrated that the factors outlined in Section 3553 also support reducing his sentence to time served. Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed ... to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  The nature of Littles' offense was serious but non-violent, and he has commendably served more than 24 years in jail to atone for his conduct—far from a lenient drug-related sentence. His risk of recidivism is minimal given his age and prison record. Under the circumstances, that extended period of incarceration is sufficient to reflect the seriousness of the offense, provide just punishment and adequate deterrence, and promote respect for the rule of law.

While the Government is correct that the compassionate release statute envisions sentence reductions "for specific individuals" and not "the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a pandemic that is clearly on the downswing" (Doc. 195, p. 8), Littles' individual circumstances and medical conditions are extraordinary and compelling.

He has served a decades-long sentence for a drug-related crime imposed under the mandatory guidelines scheme. This extended sentence together with his age, pre-existing conditions, exemplary conduct while incarcerated, and a review of the § 3553 factors comfortably support granting relief.

### IV. CONCLUSION

For the reasons outlined above, the court will grant Littles' motion for compassionate release and reduce his sentence to time served. An appropriate order shall follow.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: September 26, 2022